IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., <br> 425 Third Street SW, Suite 800 <br> Washington, DC 20024, <br><br>       Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF <br> HOMELAND SECURITY, <br> Office of the General Counsel <br> 2707 Martin Luther King Jr. Avenue SE <br> Mailstop 0485 <br> Washington, DC 20528-0485, <br><br>       Defendant. | Civil Action No. |

## COMPLAINT

Plaintiff, Judicial Watch, Inc., brings this action against Defendant U.S. Department of Homeland Security to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3. Plaintiff, Judicial Watch, Inc., is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024.  Plaintiff seeks to promote transparency, integrity, and accountability in government and fidelity to the rule of law.  As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA.  Plaintiff analyzes the

agencies' responses and disseminates both its findings and the requested records to the American public to inform them about "what their government is up to."

4. Defendant, U.S. Department of Homeland Security, is an agency of the U.S. Government and is headquartered at 245 Murray Lane SW, Washington, DC 20528. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. According to an August 22, 2023 report in the *New York Post*, the U.S. Border Patrol admitted that it was responsible for a decision to weld open some one hundred and fourteen "flood gates" in the U.S. border wall, allowing access points for migrants seeking to enter the country. *See* MaryAnn Martinez, "Border Patrol admits it's responsible for open floodgates in Arizona border wall," *New York Post* (Aug. 22, 2023) (available at https://nypost.com/2023/08/22/border-patrol-admits-its-responsible-for-open-floodgates-in-arizona-border-wall/).

6. On August 25, 2023, Plaintiff submitted a FOIA request to U.S. Customs and Border Protection ("CBP"), the component of Defendant that oversees the U.S. Border Patrol, via Defendant's SecureRelease FOIA portal. The request seeks access to the following records:

> All documents and communications from August 25, 2022 to August 25, 2023, relating to welding open 114 flood gates in the border wall in Arizona.

7. By email dated August 28, 2023, CBP acknowledged receiving Plaintiff's request on August 25, 2024 and advised Plaintiff that the request had been assigned FOIA File CBP-FO-2023-128629. CBP's email also informed Plaintiff that the agency was invoking FOIA's 10-day extension of time provision.

8. As of the date of this Complaint, CBP has failed to: (i) determine whether to comply with Plaintiff's request; (ii) notify Plaintiff of any such determination or the reason(s)

therefor; (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

## COUNT I
**(Violation of FOIA, 5 U.S.C. § 552)**

9. Plaintiff realleges paragraphs 1 through 8 as if fully stated herein.

10. Defendant is in violation of FOIA.

11. Plaintiff is being irreparably harmed by reason of Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

12. Plaintiff has no adequate remedy at law.

13. To trigger FOIA's administrative exhaustion requirement, Defendant was required to make final a determination on Plaintiff's request by October 9, 2023, at the latest. Because Defendant failed to make a final determination on Plaintiff's request within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to search for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably calculated to uncover all records responsive to the request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorney's fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

- 4 -

Dated:  March 14, 2024                                   Respectfully submitted,

*/s/ Patrick O. Francescon*
PATRICK O. FRANCESCON
DC Bar No. 1781161
Judicial Watch, Inc.
425 Third Street SW, Suite 800
Washington, DC 20024
Tel:     (202) 646-5172
Email: pfrancescon@judicialwatch.org

*Counsel for Plaintiff*