UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., <br><br> Plaintiff, <br><br> v. <br><br> DEPARTMENT OF HOMELAND SECURITY, <br><br> Defendant. | Civil Action No. 24-0742 (TSC) |

**MEMORANDUM IN SUPPORT OF
<u>DEFENDANTS' MOTION FOR SUMMARY JUDGMENT</u>**

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ......................................................................................................................1

BACKGROUND ......................................................................................................................1

STANDARDS OF REVIEW......................................................................................................1

      I.     MOTION FOR SUMMARY JUDGMENT IN FOIA ACTIONS ........................1

ARGUMENT............................................................................................................................2

    **I.**    **THE AGENCY CONDUCTED AN ADEQUEATE SEARCH FOR RESPONSIVE RECORDS ................................................................................2**

CONCLUSION.........................................................................................................................5

# TABLE OF AUTHORITIES

Page(s)

Cases

*Anderson* v. *Liberty Lobby, Inc.*,
   477 U.S. 242 (1986) ................................................................................................................1
*Clemente v. FBI*,
   867 F.3d 111 (D.C. Cir. 2017) .............................................................................................2, 5
*Defenders of Wildlife v. Dep't of Interior*,
   314 F. Supp. 2d 1 (D.D.C. 2004) ...........................................................................................2
*Defenders of Wildlife v. U.S. Border Patrol*,
   623 F. Supp. 2d 83 (D.D.C. 2009) .........................................................................................2
*Dep't of Just.*,
   746 F.3d 1082 (D.C. Cir. 2014) ..............................................................................................2
*Greenberg v. Dep't of Treasury*,
   10 F. Supp. 2d 3 (D.D.C. 1998) .............................................................................................3
*Iturralde v. Comptroller of Currency*,
   315 F.3d 311 (D.C. Cir. 2003) ...............................................................................................3
*Jud. Watch, Inc. v. Rossotti*,
   285 F. Supp. 2d 17 (D.D.C. 2003) .........................................................................................3
*Kilmer v. U.S. Customs & Border Prot.*,
   Civ. A. No. 17-1566 (CKK), 2021 WL 1946392 (D.D.C. May 14, 2021)...............................4
*Kowalczyk v. Dep't of Just.*,
   73 F.3d 386 (D.C. Cir. 1996) .................................................................................................3
*Marks v. Dep't of Justice*,
   578 F.2d 261 (9th Cir. 1978)..................................................................................................3
*Oglesby v. Dep't of Army*,
   920 F.2d 57 (D.C. Cir. 1990) ..............................................................................................2, 3
*SafeCard Servs.*,
   926 F.2d ................................................................................................................................3
*Truitt v. Dep't of State*,
   897 F.2d 540 (D.C. Cir. 1990) .............................................................................................3, 5
*Ullah v. CIA*,
   435 F. Supp. 3d 177 (D.D.C. 2020)........................................................................................2
*Valencia-Lucena v. U.S. Coast Guard*,
   180 F.3d 321 (D.C. Cir. 1999) ...............................................................................................3

Rules

Fed. R. Civ. P. 56(a).....................................................................................................................1
Federal Rule of Civil Procedure 56...............................................................................................1

## INTRODUCTION

This case arises from a Freedom of Information Act ("FOIA") request that Plaintiff, Judicial Watch, Inc., made to Defendant, U.S. Department of Homeland Security ("Defendant").

On August 25, 2023, Plaintiffs submitted a FOIA request to the Agency seeking records relating to the welding open of flood gates "in the border wall in Arizona." *See* Declaration of Patrick Howard ("Howard Decl.") ¶ 6. Defendant now moves for summary judgment with respect to its search.[1]  As discussed below, Defendant completed an adequate search pursuant to Plaintiff's FOIA request.  No responsive records were located, and accordingly withholdings are not at issue in this suit.  In this case, as in some others, despite a reasonable search, no records may be located, likely because they do not exist.  The Court should grant judgment in Defendants' favor.

## BACKGROUND

Defendant incorporates herein its Statement of Material Facts and the accompanying Howard Declaration.

## STANDARDS OF REVIEW

### I.     MOTION FOR SUMMARY JUDGMENT IN FOIA ACTIONS

Under Federal Rule of Civil Procedure 56, a court will grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A fact is "material" when it "might affect the outcome of the suit under the governing law."  *Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  An issue is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id.*

---

[1]     At this time, Plaintiff is only challenging the adequacy of Defendant's search.  *See* Joint Status Rep. (D.D.C. filed Feb. 21, 2025) (ECF No. 13).  As noted below, no responsive records have been located during any of Defendant's several searches.

"FOIA cases typically and appropriately are decided on motions for summary judgment." *Ullah v. CIA*, 435 F. Supp. 3d 177, 181 (D.D.C. 2020) (internal quotation marks omitted). "[T]he agency bears the ultimate burden of proof to demonstrate . . . that it properly withheld any records." *Id.* "Agency affidavits sometimes take the form of a '*Vaughn* index,' but there is 'no fixed rule' establishing what such an affidavit must look like[.]" *Citizens for Resp. & Ethics in Wash. v. Dep't of Just.*, 746 F.3d 1082, 1088 (D.C. Cir. 2014) (citation omitted). Where an agency affidavit attests that a reasonable search was conducted, the agency is entitled to a presumption of good faith. *Defenders of Wildlife v. Dep't of Interior*, 314 F. Supp. 2d 1, 8 (D.D.C. 2004). "To meet its burden, the agency may submit affidavits or declarations that explain in reasonable detail the scope and method of the agency's search." *Defenders of Wildlife v. U.S. Border Patrol*, 623 F. Supp. 2d 83, 91 (D.D.C. 2009).

## ARGUMENT

As discussed below, the Court should grant judgment in the Agency's favor because it completed an adequate search pursuant to Plaintiff's FOIA request. Therefore, Defendant is entitled to judgment as a matter of law.

## I.    THE AGENCY CONDUCTED AN ADEQUEATE SEARCH FOR RESPONSIVE RECORDS

Defendant fulfilled its obligation to search for records responsive to Plaintiff's FOIA request. An agency is entitled to summary judgement in a FOIA case with respect to the adequacy of its search if it shows "'that it made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce information requested.'" *Clemente v. FBI*, 867 F.3d 111, 117 (D.C. Cir. 2017) (quoting *Oglesby v. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990)). "An agency fulfills its obligations under FOIA if it can demonstrate beyond material doubt that its search was 'reasonably calculated to uncover all relevant

documents.'" *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 325 (D.C. Cir. 1999) (quoting *Truitt v. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990)).

A search is not inadequate merely because it failed to "uncover[] every document extant." *SafeCard Servs.*, 926 F.2d at 1201; *see Iturralde v. Comptroller of Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003) ("The adequacy of a FOIA search is generally determined not by the fruits of the search, but by the appropriateness of the methods used to carry out the search."); *Jud. Watch, Inc. v. Rossotti*, 285 F. Supp. 2d 17, 26 (D.D.C. 2003) ("[p]erfection is not the standard by which the reasonableness of a FOIA search is measured"). It is appropriate for an agency to search for responsive records in accordance with the manner in which its records systems are indexed. *Greenberg v. Dep't of Treasury*, 10 F. Supp. 2d 3, 13 (D.D.C. 1998). FOIA does not require that an agency search every division or field office on its own initiative in response to a FOIA request if responsive documents are likely to be located in a particular place. *Kowalczyk v. Dep't of Just.*, 73 F.3d 386, 388 (D.C. Cir. 1996); *Marks v. Dep't of Justice*, 578 F.2d 261, 263 (9th Cir. 1978). Nor does FOIA require that an agency search every record system. *Oglesby*, 920 F.2d at 68.

Here, there is no genuine dispute that Defendant fulfilled its obligations under the FOIA and performed adequate searches for records responsive to Plaintiff's FOIA request. On or about August 28, 2023, the FOIA office of Customs and Border Protection (a component of Defendant) acknowledged receipt of Plaintiff's request and assigned search responsibilities to a member of its Program Management Office Directorate. Howard Decl. ¶¶ 7-8. Thereafter, the member of the Program Management Office Directorate identified nine custodians and the following key words for the search: "welding, flood gates, Yuma, Tucson, and Sector." *Id*. ¶ 8. The member of the Program Management Office Directorate also provided Customs and Border Protection's FOIA office with twelve pages of potentially responsive records. *Id*. On or about October 13, 2023,

3

Customs and Border Protection's FOIA office also submitted an e-Discovery search to its e-Discovery team, which was completed on November 30, 2023. *Id*. ¶ 9.  After Customs and Border Protection's FOIA office completed its review of the potentially responsive records from the search of November 30, 2023, it issued a First Interim Response to the Plaintiff.  *Id*. ¶ 11.  Thereafter, Customs and Border Protection's FOIA office continued reviewing potentially responsive records that included four hundred eighty-nine pages of documents and five spreadsheets.  *Id*. ¶ 12.  After completing its review, Customs and Border Protection's FOIA office determined that the records were non-responsive.   On October 8, 2024, Customs and Border Protection's FOIA office issued Plaintiff a Final Response advising of its determination that all the reviewed records were non-responsive to the FOIA request. *Id*.

Moreover, pursuant to discussions with Plaintiff aimed at resolving the instant litigation, Customs and Border Protection's FOIA office engaged in a supplemental search utilizing the terms "welding" and "flood gates," which yielded five hundred seventy-one pages of documents and three spreadsheets.  *Id*. ¶ 13.  After completing its review, Customs and Border Protection's FOIA office determined that the records were non-responsive.  *Id*.  Customs and Border Protection's FOIA office then issued the Plaintiff a Supplemental Response advising the Plaintiff of its determination that the reviewed records were non-responsive to the FOIA request.  *Id*.  Despite Plaintiff's apparent conviction that such a search should have yielded responsive records, no such records were located pursuant to the supplemental search.  *Id*.  Nevertheless, the additional search further confirms that Custom and Border Protection's searches were adequate and reasonable. *Kilmer v. U.S. Customs & Border Prot.*, Civ. A. No. 17-1566 (CKK), 2021 WL 1946392, at *9 (D.D.C. May 14, 2021) (holding that the agency's search was reasonable when, among other

things, it conducted "multiple searches of its relevant electronic databases," and "explained the scope and contents of the databases searched[.]").

As such, Defendant conducted a search "reasonably calculated" to locate the records responsive to Plaintiff's FOIA request. *Truitt*, 897 F.2d at 542. Defendant "made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce information requested." *Clemente*, 867 F.3d at 117. Accordingly, Defendant is entitled to summary judgment with respect to the adequacy of its search.

## CONCLUSION

For the foregoing reasons, the Court should grant Defendant's motion for summary judgment. A proposed order accompanies this submission.

Dated: April 11, 2025

Respectfully submitted,

EDWARD R. MARTIN, JR., D.C. Bar #481866
United States Attorney


By: _____*/s/ Fithawi Berhane*_____
     FITHAWI BERHANE
     Assistant United States Attorney
     601 D Street, NW
     Washington, DC 20530
     (202) 252-6653

*Attorneys for the United States of America*