UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JUDICIAL WATCH, INC.,

       Plaintiff,

    v.

U.S. DEPARTMENT OF HOMELAND
SECURITY,

       Defendant.

Civil Action No. 24-cv-742 (TSC)

## MEMORANDUM OPINION

On March 14, 2024, Plaintiff Judicial Watch, Inc. brought this action against Defendant
U.S. Department of Homeland Security, seeking records it previously requested under the Freedom
of Information Act, 5 U.S.C. § 552 ("FOIA"). *See* Compl. ¶ 6, ECF No. 1.  After the Complaint
and Answer were filed, Defendant moved for summary judgment on the sole issue in the case—
whether it completed an adequate search pursuant to Plaintiff's FOIA request. *See* Mem. in Supp.
of Def.'s Mot. for Summ. J. at 1 ("Def.'s Mot."), ECF No. 15.  Plaintiff opposed Defendant's
motion and cross-moved for summary judgment, arguing that Defendant failed to complete an
adequate search for records, *see* Mem. in Supp. of Pl.'s Cross-Mot. for Summ. J. at 2 ("Pl.'s Mot."),
ECF No. 17.  For the reasons below, the court will DENY Defendant's motion for summary
judgment and DENY Plaintiff's cross-motion for summary judgment.

## I.      BACKGROUND

On August 25, 2023, Plaintiff submitted a FOIA request to U.S. Customs and Border
Protection ("CBP"), a component of Defendant.  Compl. ¶ 6.  The request sought "[a]ll documents
and communications from August 25, 2022 to August 25, 2023, relating to welding open 114 flood

gates in the border wall in Arizona." *Id.*; *see also* Decl. of Patrick Howard ("Howard Decl.") ¶ 6, ECF No. 15-3.  CBP acknowledged Plaintiff's FOIA request and assigned it a tracking number. Howard Decl. ¶¶ 6–7.  On or about August 28, 2023, CBP FOIA assigned a document and communications search to a member of CBP's Program Management Office Directorate, who identified nine CBP custodians and several key terms, including "welding, flood gates, Yuma, Tucson, and Sector," which were then submitted to CBP's e-Discovery team for an e-Discovery search. *Id.* ¶¶ 8–9.

Having received no response from the agency, Plaintiff filed this case on March 14, 2024, alleging that Defendant failed to "(i) determine whether to comply with Plaintiff's request; (ii) notify Plaintiff of any such determination or the reason(s) therefor; (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production." Compl. ¶ 8.  On May 24, 2024, Defendant filed its Answer.  ECF No. 7.  And, on September 4, 2024, CBP's FOIA office issued its First Interim Response, a total of twelve responsive records consisting of eight pages of photographs and four pages of emails with redactions.  Howard Decl. ¶ 11; Howard Decl., Ex. D1 ("Responsive Emails"), ECF No. 15-8.

Subsequently, CBP reviewed an additional 489 documents and five spreadsheets, which it eventually determined were non-responsive, Howard Decl. ¶ 12.  CBP then issued its Final Response on October 8, 2024. *Id.*  CBP thereafter conducted a supplemental search, *see* Feb. 21, 2025 Joint Status Report, ECF No. 13, yielding 571 pages of documents and three spreadsheets. Howard Decl. ¶ 13.  It determined these records were similarly non-responsive. *Id.*

Defendant moved for summary judgment on April 10, 2025, Def.'s Mot., and Plaintiff opposed, filing its own cross-motion for summary judgment on May 14, 2025, Pl.'s Mot.

Following Plaintiff's cross-motion, the Department performed an additional search of the U.S. Border Patrol's Sector Chiefs' personnel records, *see* Supp. Decl. of Patrick Howard ("Supp. Howard Decl.") ¶ 6, ECF No. 21-2, which failed to generate any additional responsive records.

## II.    LEGAL STANDARD

Summary judgment is appropriate where, viewing the facts in the light most favorable to the non-moving party, "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby*, 477 U.S. 242, 247–48 (1986); *Holcomb v. Powell*, 433 F.3d 889, 895 (D.C. Cir. 2006). A fact is material if "a dispute over it might affect the outcome of a suit under governing law" and an issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Holcomb*, 433 F.3d at 895 (quoting *Anderson*, 477 U.S. at 248).

In FOIA litigation, summary judgment may only be granted where an agency demonstrates that no material facts are in dispute as to whether it conducted an adequate search for responsive records and whether each responsive record has been produced or is exempt from disclosure. *See Jud. Watch, Inc. v. U.S. Dep't of Homeland Sec.*, 59 F. Supp. 3d 184, 189 (D.D.C. 2014). In determining whether an agency's search for responsive materials was adequate, courts conduct a reasonableness test. *Rodriguez v. Dep't of Def.*, 236 F. Supp. 3d 26, 34 (D.D.C. 2017) (citing *Campbell v. U.S. Dep't of Just.*, 164 F.3d 20, 27 (D.C. Cir. 1998)). Under this test, the agency "must show beyond material doubt . . . that it has conducted a search reasonably calculated to uncover all relevant documents." *Weisberg v. U.S. Dep't of Just.*, 705 F.2d 1344, 1351 (D.C. Cir. 1983). Although "the adequacy of a FOIA search is generally determined not by the fruits of the search, but by the appropriateness of the methods used to carry out the search," *Iturralde v. Comptroller of the Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003), "evidence that relevant records

have not been released may shed light on whether the agency's search was indeed adequate," *Weisberg*, 705 F.2d at 1351.

### III.   ANALYSIS

As noted above, this case turns solely on the adequacy of Defendant's search.  Plaintiff contends that the agency's search was inadequate on two counts.  First, Plaintiff asserts that the agency impermissibly failed to follow "clear and certain leads" revealed in a disclosed email that referenced "an updated work request, a contractor's work ticket, and a confirmation request from the sender."  Pl.'s Mot. at 3 (citing Responsive Emails at 7).  On this count, Plaintiff suggests that the email's reference to the agency's decision to "additionally open 2 gates" reasonably implies that other documents related to that decision exist.  *Id.* at 4.  Second, Plaintiff argues that Defendant's declarations are "too vague to know what systems were searched or how many systems were searched."  *Id.* at 3.  Upon review of Defendant's proffered evidence, the court concludes that a genuine dispute of material fact exists as to the adequacy of the agency's search, rendering summary judgment inappropriate.

It is well established that "the failure of an agency to turn up one specific document in its search does not alone render a search inadequate" because "the adequacy of a FOIA search is generally determined not by the fruits of the search, but by the appropriateness of the methods used to carry out the search."  *Iturralde*, 315 F.3d at 315 (citation omitted); *see also SafeCard Servs., Inc. v. S.E.C.,* 926 F.2d 1197, 1201 (D.C. Cir. 1991) ("Mere speculation that as yet uncovered documents may exist does not undermine the finding that the agency conducted a reasonable search for them." (citations omitted)).  Nonetheless, "if an agency has reason to know that certain places may contain responsive documents, it is obligated under FOIA to search barring an undue burden."  *Valencia–Lucena v. U.S. Coast Guard,* 180 F.3d 321, 327 (D.C. Cir. 1999).

Here, Plaintiff requested "[a]ll documents and communications from August 25, 2022, to August 25, 2023, relating to welding open 114 flood gates in the border wall in Arizona." Howard Decl. ¶ 6. In its First Interim Response, CBP produced an email from an employee in the Program Management Office Directorate titled "[redacted] Gates" that stated "[i]t has been decided that we will additionally open only 2 gates in [redacted] Please confirm this for the record so we can update the current [redacted] work request and add this to the Contractor's work ticket." Responsive Emails at 7. According to Plaintiff, CBP's failure to turn over the documents referenced in this email indicates that its search was inadequate. Pl.'s Mot. at 3. While the court cannot agree that the agency's failure to uncover the materials referenced in the email is by itself sufficient to render Defendant's entire search inadequate—particularly in light of the subsequent search of the USBP Sector Chiefs' personnel records, Supp. Howard Decl. ¶ 6—the court similarly lacks sufficient information detailing the agency's initial searches and subsequent response to these "positive indications of overlooked materials," to grant Defendant summary judgment. *Iturralde*, 315 F.3d at 314 (internal quotations and citation omitted).

In general, agency affidavits must "describe . . . what records were searched, by whom, and through what process." *Steinberg v. U.S. Dep't of Just.*, 23 F.3d 548, 552 (D.C. Cir. 1994). While Defendant's second declaration provides more detail about the additional search the agency conducted following Plaintiff's cross-motion for summary judgment insofar as it articulates the types of records searched—the Sector Chiefs' personnel records—and the applicable search terms—"welding, flood gates, Yuma, Tucson and Sector," Supp. Howard Decl. ¶¶ 6–7—the first declaration fails to proffer the same detail regarding Defendant's initial search efforts, *see* Howard Decl. ¶¶ 8–14. Namely, although Defendant's declarant explains the role of the individual tasked with the search, the search terms used, and the volume of records reviewed, Defendant did not

articulate what "systems" CBP used in conducting its initial searches or the types of records it examined. *See* Howard Decl. ¶¶ 8–14. This lack of information hinders Plaintiff's ability to meaningfully challenge Defendant's search methods as well as the court's ability to determine whether those methods were "reasonably calculated to uncover all relevant documents." *Steinberg*, 23 F.3d at 551 (quoting *Weisberg v. Dep't of Just.,* 745 F.2d 1476, 1485 (D.C. Cir. 1984)).

Defendant's omissions are particularly problematic where, as here, Plaintiff has provided more than "[m]ere speculation that as yet uncovered documents may exist." *SafeCard Servs., Inc.,* 926 F.2d at 1201; *see also Hall v. CIA,* 881 F. Supp. 2d 38, 61–62 (D.D.C. 2012) ("Where specific records . . . are referenced in [agency] documents, it is no longer 'mere speculation' that the files exist."). As Plaintiff observes, the Responsive Emails refer to "an updated work request, a contractor's work ticket, and a confirmation request from the sender." Pl.'s Mot. at 3 (citing Responsive Emails at 7). It is unclear, however, whether Defendant searched any systems likely to contain these records, concluded that such records were non-responsive, or determined that the records do not exist. *See Valencia–Lucena*, 180 F.3d at 327. Indeed, Defendant's supplemental declaration, submitted to provide "further information to the Court and the Plaintiff regarding CBP's actions since reviewing the scope of the initial search," Supp. Howard Decl. ¶ 5, fails to even mention the contents of the Responsive Emails, let alone explain if and how it pursued the potential leads contained in those emails, *id.* ¶¶ 1–10.

While Defendant "is not obliged to look beyond the four corners of the request for leads to the location of responsive documents," *Kowalczyk v. U.S. Dep't of Just.,* 73 F.3d 386, 389 (D.C. Cir. 1996), "this principle does not grant an agency *carte blanche* to ignore additional leads that unmistakably come to light during its search efforts," *Neighborhood Assistance Corp. of Am. v.*

*U.S. Dep't of Hous. & Urb. Dev.,* 19 F. Supp. 3d 1, 11 n. 3 (D.D.C. 2013) (citing *Kowalczyk*, 73 F.3d at 389).  Because Defendant's proffered declarations fail to provide sufficient detail regarding the types of systems and records it included in its initial searches, the court cannot determine whether its search methods were "reasonably expected to produce the information requested." *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990).  Summary judgment for either party is therefore inappropriate.

## IV.  CONCLUSION

In light of the foregoing, the court will DENY the Department's Motion for Summary Judgment and DENY Plaintiff's Cross-Motion for Summary Judgment, both without prejudice.  A separate Order consistent with the Memorandum Opinion will follow.

Date: March 4, 2026

*Tanya S. Chutkan*

TANYA S. CHUTKAN
United States District Judge